**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

JASON BOULDIN,  )
an individual,  )
  )
    Plaintiff,  )
  )
vs.  )  CASE NO.:
  )
MADESA, INC., d/b/a RANA  )
FURNITURE, a Florida Corporation,  )
  )
    Defendant.  )
_____/

**COMPLAINT
(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JASON BOULDIN, by and through his undersigned counsel, hereby files this Complaint and sues MADESA, INC., d/b/a RANA FURNITURE, a Florida Corporation, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, JASON BOULDIN, (hereinafter referred to as "Mr. Bouldin") is a resident of the state of Florida in Broward County.

1

4. Plaintiff is a qualified individual with a disability under the ADA. Plaintiff suffers from Osteoarthritis and Rheumatoid Arthritis. Additionally, Plaintiff suffered numerous accidents including a tibial plateau fracture of the left leg in a 2008 car accident and a workplace injury to his right kneecap in 2012 which required arthroscopic surgery. As a result of these and other conditions, he is permanently disabled.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a cane for mobility.[1]

6. Defendant MADESA, INC., d/b/a RANA FURNITURE, (hereinafter referred to as "Defendant") is a Florida Corporation, registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, Rana Furniture, which is the subject of this action, to wit: generally located at 7979 Hollywood Blvd, Pembroke Pines, FL 33024 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida within Broward County.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a furniture retailer which is open to the public, is consequently a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance.

10. Plaintiff has visited the Property discussed herein several times over the last year, and plans to visit again in the near future.

11. During his most recent visit in early August 2021, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

> A. Plaintiff encountered an inaccessible parking lot due to a lack of any fully compliant disabled use parking spaces. Specifically, the one (1) space intended for disabled use has a large built-up curb ramp protruding into its access aisle and surface area causing slopes well in excess of 1:48.
>
> B. The same disabled use parking space also lacks accessible signage to identify it as exclusively for disabled. Specifically, the sign is provided to the side of the space at a height of approximately two (2) feet off the ground where it is obstructed by nearby shrubbery. Additionally, the space is not painted with the symbol of accessibility.

      C.     Plaintiff encountered an inaccessible curb ramp leading from the intended disabled use parking space to the sidewalk. Specifically, the ramp contains excessive running slopes of over 1:12 and steep side flares slopes of over 1:10. Additionally, as noted above, the ramp improperly protrudes into the disabled use parking space.

      D.     Plaintiff encountered an inaccessible men's restroom inside the store due to the lack of a rear grab bar behind the toilet. This condition made it more difficult and dangerous for Plaintiff to use the facilities.

      E.     Plaintiff encountered an inaccessible men's restroom due to the lack of any insulation on the pipes under the sink and excessively high mirror mounted above the sink at over 40 inches above the floor. These conditions made it more difficult and dangerous for Plaintiff to use the facilities.

      F.     Plaintiff encountered an inaccessible men's restroom due to inadequate clear floorspace and a doorknob handle on the door. These conditions made it more difficult and dangerous for Plaintiff to use the facilities.

15. To date, the above-described barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

    E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: August 31, 2021.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
louis@kumussman.com


By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq.
(FL Bar #: 597155)
Brian T. Ku, Esq.
(FL Bar # 610461)